Pasquale Compagnone, et ux. vs. Agostino Cutroneo, alias. }Eq. No. 8685

February 16, 1933.

JOSLIN, J. The parties own adjoining lots of land situated in Providence. The respondent erected a garage on his own lot. The complainants claim that the rear wall of the garage encroaches upon their land. On October 27, 1927, they brought their bill of complaint, praying that the respondent be ordered to remove so much of the garage as thus encroaches upon their

land. Not until February 7, 1933, did the parties bring the matter before the Court for a trial. The delay in obtaining the trial is due entirely to the parties themselves.

The matter is heard upon the bill, answer and proof.

The evidence clearly shows that the rear wall of the garage, measuring 16 feet, encroaches upon the land of the complainants by 3/8 of an inch on the northerly end and tapers down to 1/4 of an inch on the southerly end. The area of land thus encroached upon is approximately 4/10 of a square foot.

On the evidence the Court finds that the respondent did not intentionally commit this trespass; that the cost for removal of the wall would be $250; and that the benefit which the complainants would receive by having this narrow strip restored to them would be small, if not nil.

On these facts, a court of equity will ordinarily decline to compel removal and will leave the parties complaining to their remedy at law.

1 Corpus Juris, p. 1209.

The complainants urge that if the Court should deny an order for the abatement of the encroachment, that under the general prayer for relief, the Court should exercise its power and assess damages for the encroachment. However, no proper evidence of damages was presented.

The respondent further objects to the bill, urging laches in the failure by the complainants to prosecute their bill since 1927, and also the fact that the respondent owned a one-half interest in his land and that his co-owner was not made a party respondent. In view of the conclusion to which the Court has come, it is unnecessary to consider these.

The bill is dismissed without prejudice to the right of the complainants to pursue whatever rights they may have in a law court; costs to be assessed against the complainants.

For complainants: Benjamin Cianciarulo.

For respondent: Benjamin M. McLyman.